UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     v.

MARIA GARCIA, et al.,

                    Defendants.

**ORDER**
02-CR-110S

1.      On October 13, 2005, this Court directed this district's Criminal Justice Act Committee ("the Committee") to review vouchers submitted by Attorneys John Lavin, Sean Hill and Noemi Fernandez-Hiltz ("the panel attorneys") in connection with their service as assigned counsel in the above-captioned matter.  In particular, this Court directed the Committee to "review and verify the claims for compensation for record review, attorney conferences, client interviews, and investigative and other work."  (Docket No. 287.)

2.      This Court referred the vouchers to the Committee for two principle reasons. First, the vouchers substantially exceed the CJA limit of $7,000.[1]  Second, because the vouchers seek reimbursement in an amount that exceeds the CJA limit, this Court has an obligation to certify its authorization for payment to the Chief Judge of the Second Circuit Court of Appeals for final review and authorization.[2]  This Court therefore wanted to ensure that each voucher set forth in detail the time and expenses claimed, including all appropriate documentation.

---

[1]Mr. Lavin seeks payment in the amount of $13,432; Mr. Hill seeks payment of $20,448; Ms. Fernandez-Hiltz seeks payment of $15,795.

[2]Moreover, because the requested payments exceed $10,000, certification to the Second Circuit must be accompanied by a memorandum from this Court.

1

3.      This Court is now in receipt of the Committee's thorough and comprehensive report.  In this Court's view, the Committee's investigation was exhaustive; the Committee reviewed the entire record, consulted with co-counsel and opposing counsel, and interviewed each of the three panel attorneys identified above.  Based on its interviews of the panel attorneys and its review of the vouchers at issue, the Committee is satisfied that each voucher is reasonable and substantially based on contemporaneously maintained time records.  In general, the Committee reports that the time claimed by each attorney is substantially supported and was necessary to the proper representation of each defendant in this case.

4.      The Committee has, however, recommended that the panel attorneys be invited to amend their vouchers and/or provide supplemental affidavits in support of the times claimed before this Court makes a final determination regarding approval of the vouchers.  The Committee recommends that John Lavin provide additional detail in support of his hours claimed under the voucher headings "Obtaining and Reviewing Records" and "Investigative and Other Work."  While the Committee expresses its view that Mr. Lavin's voucher is not unreasonable and is supported by his time records, it recommends that Mr. Lavin be permitted to explain the need for and the general substance of the claimed interviews, conferences, trial preparation and performance of other trial preparation tasks.

Moreover, the Committee suggests that Mr. Lavin provide additional information concerning his representation of his client in related civil proceedings, which may be compensable as "ancillary" proceedings under the CJA Guidelines.  In the Committee's opinion, there appears to be some overlap in the time records related to Mr. Lavin's participation in the criminal and civil proceedings.  The Committee therefore recommends

Case 1:02-cr-00110-WMS-HKS   Document 290   Filed 02/26/06   Page 3 of 4

that Mr. Lavin provide further itemization and breakdown of the time spent in the civil matter.  It further recommends that a supplemental excess compensation affidavit be provided to include the specific purposes and information sought to be discovered in the civil proceeding that Mr. Lavin expected would be of potential aid to the defense of the criminal case.

5.      The Committee recommends that Mr. Hill also be afforded the opportunity to provide additional information in support of his voucher.  For example, while the Committee finds that Mr. Hill actually invested the time claimed under the categories "Obtaining and Reviewing Records" and "Investigative and Other Work," it finds that the voucher entries are not sufficiently specific in their description of the nature of the legal work performed.  It therefore recommends that Mr. Hill be provided the opportunity to further detail, in an amended voucher or supplemental affidavit, the time he expended on trial preparation and other activities.

Moreover, like Mr. Lavin, Mr. Hill performed work in the civil case for which he claimed time in his CJA voucher.  The Committee recommends that additional itemization be provided along the lines discussed above in the context of Mr. Lavin's voucher so that a proper determination can be made regarding time spent in the civil matter.

6.      The Committee recommends that Ms. Fernandez-Hiltz also be invited to submit additional information in support of her voucher.  Specifically, the Committee recommends that Ms. Fernandez-Hiltz provide further detail, in an amended voucher or supplemental affidavit, describing the activity undertaken for each of the claimed 15 entries for "Review of Documents."  In addition, it is recommended that Ms. Fernandez-Hiltz submit further details regarding the approximately 10 entries claimed for reviewing and

downloading documents.  Overall, the Committee has identified a general need for Ms. Fernandez-Hiltz to provide additional, reasonably detailed information to support her claims for 9.5 hours reviewing discovery documents, 25 hours for trial preparation, and 85.4 hours for other tasks (including drafting documents, reviewing documents and pleadings, and downloading documents).  In the Committee's view, the voucher in its current state is inadequately detailed to support these charges.

7.      Consistent with the recommendations of the Committee, the panel attorneys are invited to submit amended vouchers or supplemental affidavits addressing the areas of concern identified above on or before March 24, 2006.  The panel attorneys' additional submissions, if any, should be sent directly to this Court.  This Court will take the vouchers under advisement as of March 24, 2006, whether the panel attorneys elect to provide further information or not.

8.      This Court extends its gratitude to the Committee members for the time and effort they put into this assignment, and it thanks the panel attorneys for their cooperation with the Committee and their further assistance in completing the record.

SO ORDERED.


Dated:   February 22, 2006
Buffalo, New York


/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge


4