UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                                    **ORDER**
                                                          02-CR-110S

MARIA GARCIA, et al.,

                              Defendants.

1.      Attorneys Noemi Fernandez-Hiltz, Sean Hill and John Lavin each submitted a claim for compensation under the Criminal Justice Act for their individual representation of three defendants in the above-captioned case.  Ms. Fernandez-Hiltz represents Jose I. Garcia; Mr. Hill represents Jose J. Garcia; Mr. Lavin represents Elias Botello.

2.      On October 13, 2005, this Court referred the claims for compensation to the District's Panel Selection Committee (the "Committee") for review and recommendation pursuant to Section XIV(C) of the Criminal Justice Act Plan for the United States District Court, Western District of New York.  In particular, this Court directed the Committee to review and verify the claims for compensation.

3.      This Court referred the vouchers to the Committee for two principle reasons. First, the vouchers substantially exceeded the CJA limit of $7,000.[1]  Second, because the vouchers sought reimbursement in an amount that exceeded the CJA limit, this Court recognized its obligation to certify its authorization for payment to the Chief Judge of the

---

[1] Mr. Lavin seeks payment in the amount of $13,432; Mr. Hill seeks payment of $20,448; Ms. Fernandez-Hiltz seeks payment of $15,795.

1

Second Circuit Court of Appeals for final review and authorization.[2] This Court therefore wanted to ensure that each voucher set forth in detail the time and expenses claimed, including all appropriate documentation.

4. The Committee completed its work as directed and submitted to this Court a thorough and comprehensive report. In this Court's view, the Committee's investigation was exhaustive; the Committee reviewed the entire record, consulted with all defense and government counsel, and interviewed Ms. Fernandez-Hiltz, Mr. Hill and Mr. Lavin. Based on its interviews of the panel attorneys and its review of the vouchers at issue, the Committee was satisfied that each voucher was reasonable and substantially based on contemporaneously maintained time records. In general, the Committee reported that the time claimed by each attorney was substantially supported and was necessary to the proper representation of each defendant in this case.

5. The Committee did, however, recommend that the panel attorneys be invited to amend their vouchers and/or submit supplemental affidavits to provide greater detail in support of the hours claimed in the vouchers. Heeding this suggestion, this Court entered an Order on February 26, 2006, inviting counsel to provide additional information on specific areas identified in the Order. This Court received additional submissions from each panel attorney in response to this Order. Having reviewed the claims for compensation, the Committee's report and the supplemental information provided by the panel attorneys, this Court is now in a position to approve and certify the vouchers.

---

[2] Because the requested payments exceed $10,000, certification to the Second Circuit must be accompanied by a memorandum from this Court. This Order will serve as this Court's memorandum and will be submitted to the Second Circuit with the vouchers.

6. Ms. Fernandez-Hiltz's voucher seeks payment in the amount of $15,795. An audit conducted by the Clerk of the Court, which examines vouchers for technical and mathematical errors, reveals that the voucher actually claims $16,056. From that amount, this Court will deduct $1,925 to adjust for clerical services that were erroneously billed at the attorney rate. This brings the voucher to $14,131. This Court will further reduce the voucher by 20% ($2,826) due to Ms. Fernandez-Hiltz's inability to provide further detail and clarification regarding the bulk of her claimed time as identified by the Committee. Ms. Fernandez-Hiltz's voucher will therefore be approved for $11,305.

7. Mr. Hill's voucher seeks payment of $20,448. The Clerk's audit reveals that the voucher actually totals $19,917. This Court is satisfied with the additional information provided by Mr. Hill in support of his voucher and no further reductions are necessary. Mr. Hill's voucher will therefore be approved for $19,917.

8. Mr. Lavin's voucher seeks payment of $13,432. The Clerk's audit indicates that the voucher actually seeks $13,302. This amount will be reduced by $117 to eliminate time billed for Mr. Lavin's representation of his client in traffic court, which this Court finds is not properly compensable under the CJA. A further reduction of $189 will be taken to correct for a duplicate entry. This Court is satisfied with the additional information provided by Mr. Lavin in support of his voucher and no further reductions will be made. Mr. Lavin's voucher will therefore be approved for $12,996.

9. This Court hereby approves the vouchers as discussed above, and certifies them to the Second Circuit Court of Appeals for final approval and authorization. Finally, this Court notes that the process implemented in this case as described above complies with the notice and comment provisions approved on March 14, 2006, by the Judicial

Conference, as designated in ¶ 2.22E of the Guidelines for the Administration of the Criminal Justice Act and Related Statutes (CJA Guidelines), Volume 7, *Guide to Judiciary Policies and Procedures*.

IT HEREBY IS ORDERED, that Noemi Fernandez-Hiltz's voucher is APPROVED in the amount of $11,305.

FURTHER, that Sean Hill's voucher is APPROVED in the amount of $19,917.

FURTHER, that John Lavin's voucher is APPROVED in the amount of $12,996.

FURTHER, that this Court certifies these vouchers to the Second Circuit Court of Appeals for final approval and authorization.

SO ORDERED.

Dated: April 21, 2006
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge